UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 15-264** |
| **SAUL RAMIREZ** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Defendant's Motion Withdraw Plea of Guilty, Set Aside Conviction, and Re-open Proceedings (Doc. 87). Oral argument on the Motion was held on September 6, 2023. For the following reasons, the Motion is **DENIED**.

### BACKGROUND

On November 18, 2015, Defendant Saul Ramirez pled guilty to willingly making and subscribing a false income tax return in violation of 26 U.S.C. § 7206(1). He was sentenced to five years' probation and ordered to pay $182,090.00 in restitution to the Internal Revenue Service. On January 8, 2021, Defendant was granted early termination of probation after serving four years. To date, Defendant has paid the ordered restitution, fine, and special assessment fee as ordered by this Court.

1

On May 17, 2023, Defendant filed a Motion to Withdraw Plea of Guilty, Set Aside Conviction, and Re-open Proceedings.[1] The Government opposes.[2] Defendant alleges that he received ineffective assistance of counsel because, at the time he pled guilty, Defendant was unaware of, and not advised by counsel of, the "possibility of negotiating a more favorable plea agreement that would not result in negative immigration consequences."[3] Defendant specifically alleges that negotiation of certain terms relating to the "loss amount" would have abated the negative consequences of his guilty plea, as entered.

Defendant is a Honduran national and has been a lawful permanent resident of the United States since July 25, 2012. Now, he states that he is unable to travel, apply for renewal of his residency status (expiring in January of 2025), and apply for citizenship. Because Defendant pled guilty to willingly making and subscribing a false income tax return, these immigration-related actions would trigger removal proceedings, which would result in Defendant's removal from the United States and inability to return. Defendant now moves to vacate his guilty plea, set aside his conviction, and reopen proceedings.

## **LEGAL STANDARD**

Under Federal Rule of Criminal Procedure 11(e), a guilty or nolo contendere plea may not be withdrawn after sentencing—it may only be set aside on direct appeal or collateral attack.[4] Generally, the proper vehicle for requesting relief from ineffective assistance of counsel is a writ of habeas corpus pursuant to 28 U.S.C. § 2255.[5] Section 2255 permits prisoners in federal

---

[1] Doc. 87.
[2] Doc. 93.
[3] Doc. 87 at 2.
[4] FED. R. CRIM. P. 11(e).
[5] United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002). *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to

custody to claim the right to be released by collaterally attacking the sentence.[6] Under § 2255, a plaintiff bears the burden of proving his or her claim by a preponderance of the evidence.[7]

However, where a criminal defendant is no longer in custody, the writ of error *coram nobis* may be available to vacate a conviction.[8] The writ is only available to correct a complete miscarriage of justice, and the Fifth Circuit has held that ineffective assistance of counsel may be grounds for such relief.[9] Pursuant to 28 U.S.C. § 1651(a), the district court of a defendant's conviction has jurisdiction over his or her writ of *coram nobis*.[10] This Court has discretion to deny issuance of the writ without a full evidentiary hearing where the collateral attack is "clearly without merit."[11]

## LAW AND ANALYSIS

Because Defendant moves to withdraw his guilty plea after sentencing, Federal Rule of Criminal Procedure 11(e) applies.[12] Defendant was sentenced

---

be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

[6] 28 U.S.C. § 2255(a).

[7] Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980) (citing United States v. Kastenbaum, 613 F.2d 86, 89 (5th Cir. 1980)).

[8] United States v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004) (citing Jiminez v. Trominski 91 F.3d 767, 768 (5th Cir. 1996)).

[9] *Esogbue*, 357 F.3d at 534. *See also Jiminez*, 91 F.3d at 768; United States v. Castro, 26 F.3d 557, 559–60 (5th Cir. 1994).

[10] *Esogbue*, 357 F.3d at 533 (citing 28 U.S.C. § 1651(a)).

[11] United States v. Carter, 319 F. Supp. 702 (M.D. Ga. 1969), *aff'd*, 437 F.2d 444 (5th Cir. 1971) (holding, without a hearing, that there is no error of fundamental character to permit issuance of the writ of coram nobis). The principles of habeas corpus generally apply to the writ of coram nobis, and such writs may be denied without hearing where the attack is "clearly without merit" or where the "motion, files, and records of the case conclusively show that the Petitioner is entitled to no relief." *See* Sinclair v. State of La., 679 F.2d 513, 515 (5th Cir. 1982); Hawkins v. United States, 324 F. Supp. 223, 225 (E.D. Tex. 1971) (citing Sanders v. United States, 373 U.S. 1 (1963)).

[12] *See* FED. R. CRIM. P. 11(e).

on February 2, 2017. Defendant thereafter filed the instant Motion to Set Aside his Guilty Plea on May 17, 2023. Thus, Rule 11(e) procedurally requires that Defendant withdraw his guilty plea by direct appeal or collateral attack.[13] Since Defendant has not filed a direct appeal of his guilty plea, the Court must determine whether Defendant has properly challenged his guilty plea by collateral attack pursuant to Federal Rule of Criminal Procedure 11(e).

Defendant's Motion to Withdraw Plea of Guilty, Set Aside Conviction, and Re-open Proceedings fails to characterize the procedural nature of the relief he seeks. The Government's opposition filed with this Court characterizes Defendant's request for relief as a writ of habeas corpus pursuant to 28 U.S.C. § 2255, to which the Government asserts that Defendant is not entitled. After considering the parties' briefing, the Court ordered additional briefing on the issue of whether Defendant is entitled to a writ of error *coram nobis*. The Court now considers whether Defendant is entitled to relief under either theory.

### 1. *Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255*

The Government asserts that the proper mechanism for challenging a guilty plea is by writ of habeas corpus under § 2255. Further, the Government argues that this Court does not have jurisdiction over Defendant's Motion because Defendant is not in federal custody, as required by § 2255(a). Alternatively, if this Court has jurisdiction, the Government alleges that any such claim under § 2255(a) is time-barred because it was filed more than one year after the date Defendant's judgment became final. Defendant fails to address any procedural requirements in seeking the relief requested in his Motion.

---

[13] *Id.*

4

For this Court to have jurisdiction over a writ of habeas corpus under § 2255, the movant must be a "prisoner in custody under sentence of a court established by Act of Congress."[14] A prisoner is no longer in "custody" when the sentence imposed for that conviction has expired.[15] While "custody" is construed to include supervised release, it does not include adverse collateral consequences of a conviction, such as deportation.[16]

Defendant's supervised release—and therefore his custody—was terminated on January 8, 2021.[17] Because Defendant is no longer in custody under § 2255, and the requirements of § 2255 are jurisdictional, this Court does not have jurisdiction over Defendant's claim, if construed as a writ of habeas corpus.

### 2. *Writ of Error* Coram Nobis

If a defendant has served his sentence and is no longer in federal custody, he may seek the "extraordinary remedy" of the writ of error *coram nobis*.[18] While Defendant failed to characterize his request for relief from ineffective assistance of counsel as a writ of error *coram nobis*, "federal courts should act in doing justice if the record makes plain a right to relief."[19] Thus, the Court "treat[s] the record as adequately presenting a motion in the nature of a writ of error *coram nobis*" and properly exercises jurisdiction.[20] A petitioner seeking a writ of error *coram nobis* bears the burden of demonstrating (1) "that he is suffering civil disabilities as a consequence of the criminal conviction[]," (2) that "no other remedy is available," (3) that "sound reasons exist[] for failure

---

[14] Maleng v. Cook, 490 U.S. 488, 490 (1989); 28 U.S.C. § 2255(a).
[15] *Esogbue*, 357 F.3d at 534.
[16] *Id.* (citing *Castro*, 26 F.3d at 559 n.3, 561 n.8.
[17] Doc. 85.
[18] *Esogbue*, 357 F.3d at 534. *See also* United States v. Morgan, 346 U.S. 502, 511 (1954).
[19] *Morgan*, 346 U.S. at 504 (citing Darr v. Burford, 399 U.S. 200, 203–04 (1950)).
[20] *Id.* (citing Adams v. U.S. *ex rel.* McCann, 317 U.S. 269, 273 (1942)); United States v. Marcello, 876 F.2d 1147, 1154 (5th Cir. 1989).

to seek appropriate earlier relief," and (4) the existence of "compelling circumstances" that warrant issuance of the extraordinary writ.[21]

### A. Adverse Collateral Consequences

The writ of error *coram nobis* is only available to a defendant who first establishes that "as a result of the conviction, [he or she] is suffering or threatened with adverse collateral consequences."[22] Potential deportation is a sufficient adverse collateral consequence or civil disability.[23] Because Defendant faces potential deportation,[24] he meets this requirement.

### B. No Other Remedy is Available

Next, where relief under § 2255 is unavailable because a defendant has completed his sentence, a writ of *coram nobis* is generally the only remedy available for postconviction relief.[25] Thus, there is no other remedy available to Defendant, and he meets the second requirement for a writ of *coram nobis*, because he is no longer in federal custody.

### C. Sound Reasons for Failure to Seek Earlier Relief

Defendant must assert "sound reasons" for his failure to assert his ineffective assistance of counsel claim as a writ of habeas corpus while he was still in custody and within the one-year limitation for filing such claim.[26] A

---

[21] United States v. Dyer, 136 F.3d 417, 422 (5th Cir. 1998) (first alternation in original).
[22] Nowlin v. United States, 81 F. Supp. 3d 514, 521 (N.D. Miss. 2015); *Esogbue*, 357 F.3d at 534 (citing *Jiminez*, 91 F.3d at 768).
[23] *Esogbue*, 357 F.3d at 534 (citing *Castro*, 26 F.3d 557, 559 n.3, 561 n.8).
[24] In oral argument, Defendant cited Immigration and Naturalization Act (INA) § 101(a)(43) for this proposition. Section 101(a)(43) provides a definition of the term "aggravated felony." INA § 237(a)(2)(A)(i), however, is the operable section of the Act, which provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." Defendant's conviction under 26 U.S.C. § 7206(1) for willfully making and subscribing a false income tax return is an aggravated felony under INA § 101(a)(43)(M)(i). Kawashima v. Holder, 565 U.S. 478, 483–5 (2012).
[25] *See Morgan*, 346 U.S. at 594.
[26] *See Esogbue*, 357 F.3d 532.

defendant seeking a writ of *coram nobis* must exercise "reasonable diligence" in seeking prompt relief.[27] This requirement recognizes that it is "entirely inappropriate for the judiciary to invoke the common law to override limitations enacted by Congress, such as the period of limitations in § 2255."[28]

Here, Defendant argues that, while in custody, he was unaware of the alleged ineffective assistance of counsel that underlies his Motion to Vacate Guilty Plea, and he was only made aware of the possibility to negotiate a different "loss amount" in his plea deal when he consulted an immigration attorney in 2022.[29] Defendant asserts that he reasonably relied upon ineffective assistance of counsel, which is a sound reason for failure to assert the claim earlier. The Government responsively alleges that "Ramirez was aware of his attorney's supposed ineffectiveness for years [sic] but waited until now to make any such assertions."[30] The Government further argues that Defendant Ramirez waited to explore the precise consequences his conviction had on his immigration status until eight years after pleading guilty, six years after the judgment of conviction, and two years after completing his sentence.[31]

The Court finds that Defendant has not presented a "sound reason" to satisfy the stringent requirements for the writ of error *coram nobis*. Defendant's delay in seeking earlier relief, in light of the fact that he was aware at the time he pled guilty of the conviction's potential effects on his immigration status, cannot amount to "reasonable diligence" or "sound reasons" for failure to assert his claim earlier.[32] Thus, Defendant fails to meet

---

[27] *Dyer*, 136 F.3d at 427.
[28] *Esogbue*, 357 F.3d at 535 (citing Godoski v. United States, 304 F.3d 761, 763 (7th Cir. 2002) (internal citations omitted)).
[29] Doc. 87 at 1.
[30] Doc. 98 at 1.
[31] *Id.*
[32] *See* Chico v. United States, 703 F. App'x 292, 294 (5th Cir. 2017) (affirming district court's finding that the defendant failed to provide "sound reasons" for filing a petition two years

the third requirement for issuance of a writ of *coram nobis*. Because it is clear from Defendant's Motion and the records of this case that he is not entitled to relief on this ground, the writ shall not issue.[33]

### D. Compelling Circumstances

Lastly, to demonstrate sufficiently "compelling circumstances" to warrant issuance of the writ of *coram nobis*, a defendant must demonstrate that "the challenged error is of sufficient magnitude to justify the extraordinary relief."[34] The Fifth Circuit has held that ineffective assistance of counsel, if proven, may be sufficiently compelling to warrant issuance of the writ.[35] However, [i]t is presumed the proceedings were correct and the burden rests on the accused to show otherwise."[36] Here, Defendant Ramirez claims that his guilty plea should be vacated because his plea was not knowing and voluntary because of the ineffectiveness of his counsel—specifically, because counsel failed to advise him of "the possibility of negotiating a more favorable plea agreement that would not result in negative immigration consequences."[37] To demonstrate ineffective assistance of counsel, Defendant must prove: (1) counsel's performance was deficient, and (2) that deficient performance prejudiced the defendant.[38]

---

after discovering the conviction's deportation consequences). *Cf.* United States v. Hill, 2006 WL 8448251, at *2 (S.D. Tex. Oct. 20, 2006) (finding that the petitioner provided "sound reasons" for failing to seek earlier relief where his counsel told him that he would have the opportunity to avoid deportation in immigration court, and he did, in fact, seek such relief in immigration court after one year of probation).

[33] Request for a writ of *coram nobis* may be denied without hearing where the attack where the "motion, files, and records of the case conclusively show that the Petitioner is entitled to no relief." Hawkins v. United States, 324 F. Supp. 223, 225 (E.D. Tex. 1971) (citing Sanders v. United States, 373 U.S. 1 (1963)).

[34] Jiminez v. Trominski, 91 F.3d 767, 768 (5th Cir. 1996) (citing United States v. Marcello 876 F.2d 1147, 1154 (5th Cir. 1992) (citations omitted)).

[35] *See Esogbue*, 357 F.3d at 534.

[36] *Morgan*, 346 U.S. at 512.

[37] Doc. 87 at 2.

[38] Strickland v. Washington, 466 U.S. 668, 687 (1984).

### *i.   Deficient Performance by Counsel*

The effectiveness of counsel is gauged using an objective standard of reasonableness.[39] "Counsel's performance is to be accorded 'a heavy measure of deference.'"[40] Specific to noncitizen criminal defendants, the United States Supreme Court has held that "counsel must inform her client whether his plea carries a risk of deportation."[41] Defendant states that he "*was* advised of potential negative immigration consequences associated with the specific terms of his relevant guilty plea[,]" but that he was not advised of the possibility of negotiating different plea terms without negative immigration consequences.[42] Based on Defendant's assertion, his counsel satisfied the requirements of *Padilla*, as counsel advised Defendant of the immigration consequences as to the plea agreement actually offered and entered.

As to the otherwise objective reasonableness of counsel's performance, Defendant asserts he was not informed of the potential to negotiate different terms of a plea agreement to mitigate the immigration consequences. Criminal defense attorneys are not immigration experts. Defendant also does not cite any record document that tends to suggest that the Government would have negotiated the loss amount. While defense counsel has a "duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused," Defendant fails to cite any case holding that the failure to negotiate different terms of the plea offered by the Government constitutes deficient performance.[43] Given the speculative nature of

---

[39] *Id.* at 687–88.
[40] United States v. Rivas-Lopez, 678 F.3d 353, 357 (5th Cir. 2012) (quoting Cullen v. Pinholster, 563 U.S. 170, 197 (2011)).
[41] *Id.* at 374.
[42] Doc. 87 at 3 (emphasis added).
[43] Missouri v. Frye, 566 U.S. 134, 145 (2012) ("Bargaining is, by its nature, defined to a substantial degree by personal style. The alternative courses and tactics in negotiation are so individual that it may be neither prudent nor practicable to try to elaborate or define

9

Defendant's arguments and the deference given to counsel in negotiating a plea agreement, Defendant fails to meet the first element of his ineffective assistance of counsel claim.

### ii. *Prejudice to Defendant*

In the context of a plea agreement, prejudice exists where "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial."[44] A reasonable probability is a lower standard of proof than the "preponderance of the evidence" standard and is met if the decision to reject the plea bargain would have been rational under the circumstances."[45]

Defendant argues that he would not have tendered the guilty plea if he knew there was a possibility that he could avoid negative immigration consequences.[46] However, Defendant's assertions do not demonstrate any special circumstances that support the conclusion that, at the time his plea was entered, he would not have pled guilty. Defendant asserts that, for the chance to remain with his family, he would *now* risk conviction on an offense for which he has served his sentence. This statement of present intent, with the benefit of hindsight, rather than intent at the time of his decision to plead guilty, is insufficient to warrant issuance of the writ of *coram nobis*. Further, Defendant's lack of diligence in seeking advice regarding his immigration status, in light of his knowledge thereof, reflects a lack of prejudice. Regardless, Defendant has failed to demonstrate that his counsel's performance was

---

detailed standards for the proper discharge of defense counsel's participation in the process.").

[44] Hill v. Lockhart, 474 U.S. 52, 59 (1985).
[45] Padilla v. Kentucky, 559 U.S. 356, 372 (2010).
[46] *Id.* at 8.

10

deficient and likewise has not demonstrated sufficiently "compelling circumstances" to warrant issuance of the writ of *coram nobis*.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 21st day of November, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**